James E. Hartley (Admitted *pro hac vice*)
Conor F. Farley (Admitted *pro hac vice*)
Meshach Y. Rhoades (Admitted *pro hac vice*)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Telephone:  (303) 295-8000
Facsimile:  (303) 295-8261

Daniel R. Foster (SBN 179753)
Christopher D. Bright (SBN 206273)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
Telephone: (949) 757-7103
Facsimile: (949) 851-9348

Attorneys for Plaintiffs
BRAVO SPORTS and VARIFLEX, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVO SPORTS, a California corporation, and VARIFLEX, Inc., a Delaware corporation,<br><br>Plaintiffs, Counterclaim Defendants,<br>v.<br><br>NORTH POLE (US) LLC, a Delaware corporation, NORTH POLE (CHINA) LIMITED, a Chinese limited company, NORTH POLE LIMITED, a Hong Kong limited company and DOES 1 through 10, inclusive,<br><br>Defendants, Counterclaim Plaintiff. | No. SACV05-418 DOC (RNBx)<br><br>[~~PROPOSED~~] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

Plaintiffs Bravo Sports, a California corporation, and Variflex, Inc., a Delaware corporation, state the following amended complaint for patent infringement by defendants North Pole (US) LLC, a Delaware corporation, North Pole (China) Limited, a Chinese company, and North

Pole, Ltd., a Hong Kong company (collectively "North Pole").

## JURISDICTION AND VENUE

1. The action is for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction under 38 U.S.C. §§ 1331 (federal question) and 1338(a) (patent infringement).

2. The Court has personal jurisdiction over North Pole.

3. Venue in this district is proper under 38 U.S.C. §§ 1391(b) and (c). North Pole has continuous and systematic contacts with this judicial district and a substantial part of the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

4. Plaintiff Bravo Sports is a corporation incorporated under the laws of the State of California with its principal place of business at 6600 Katella Avenue, Cypress, CA 90630.

5. Plaintiff Variflex, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 5152 North Commerce Ave, Moorpark, CA 93021.

6. Defendant North Pole (US) LLC is a limited liability corporation incorporated under the laws of the State of Delaware with its principal place of business at 23 Town & Country Drive, Washington, MO 63090.

7. Defendant North Pole (China) Limited is a Chinese business entity with its principal place of business at No. 58-72, Jinjui Road, Jimei District, Xiamen, Fujian, China.

8. Defendant North Pole, Ltd. is a Hong Kong business entity with its principal place of business at Unit A905, 9/F Dragon Industrial Building, No. 93 King Lam Street, Cheung Sha Wan, Kowloon, Hong Kong.

9. North Pole regularly and systematically sells and offers to sell its products in the Central District of California, including products that infringe the patent at issue.

## GENERAL ALLEGATIONS

10. Prior to August 26, 1987, James P. Lynch conceived and invented a new and useful portable canopy having an automatic roof.

11. On October 25, 1988, United States Patent No. 4,779,635 ("the '635 Patent") was issued to Lynch by the United States Patent and Trademark Office for his invention of a portable canopy with an automatic roof. A copy of the '635 Patent is attached to this amended complaint as Exhibit 1 and is incorporated by reference. The '635 Patent is presumed valid under 35 U.S.C. § 282.

12. On April 27, 2000, Variflex purchased the '635 Patent from Lynch and K.D. Kanopy. A copy of the assignment of the '635 Patent from Lynch to Variflex is attached as Exhibit 2.

13. On October 26, 2004, Variflex, Inc. became a wholly-owned subsidiary of Bravo Sports.

14. As the owner of the '635 Patent, Variflex has the right to bring an action for infringement of the '635 Patent.

15. Since acquiring the '635 Patent, Variflex and Bravo Sports have consistently marked their products and packaging with the patent number.

16. North Pole has made, used, sold, offered for sale and imported, within this judicial district a number of portable canopy structures, including those known as North Pole First-UP. At least, these portable canopies, and possibly other models as well, are made with an automatic roof structure that infringes one or more claims of the '635 Patent.

## COUNT I

### (PATENT INFRINGEMENT)

17. The allegations in paragraphs 1-16 are incorporated by reference.

18. North Pole has infringed the '635 Patent by making, selling, offering to sell, importing, and using a portable canopy having an automatic roof, and will continue to do so unless enjoined by this Court.

19. North Pole had actual knowledge of the '635 Patent prior to its infringing activity. North Pole's infringement of the '635 Patent has been knowing and willful.

20. Plaintiffs have been and will continue to be damaged by the infringement.

21. Plaintiffs have been and will continue to incur irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. § 283.

22. Plaintiffs are entitled to enhanced damages, attorneys fees, expert witness fees, and costs pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II

### (INDUCEMENT AND CONTRIBUTORY INFRINGEMENT)

23. The allegations in paragraphs 1-22 are incorporated by reference.

24. North Pole has been and, on information and belief, still is actively inducing and/or contributing to the infringement of the '635 Patent by others by making a portable canopy containing an automatic roof and selling it to retailers, who in turn sell and offer to sell the infringing structure to others in a manner that infringes the '635 Patent. North Pole will continue to engage in inducing and/or contributing to the infringement of the '635 Patent unless enjoined by this Court. ~~Farley Decl., pg. 120.~~

25. North Pole had actual knowledge of the '635 Patent prior to its infringing activity. North Pole's inducement to infringe and/or its contributory infringement of the '635 Patent has been knowing and willful.

26. Plaintiffs have been and will continue to be damaged by the infringement.

27. Plaintiffs have been and will continue to incur irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. §283.

28. Plaintiffs are entitled to enhanced damages, attorneys fees, expert witness fees, and costs pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Bravo Sports and Variflex, Inc. pray for entry of judgment as follows:

A. Declaring that North Pole has been and still is infringing the '635 Patent.

B. Declaring that North Pole's infringement has been and still is in willful disregard for plaintiff's rights.

C. Permanently enjoining and restraining North Pole, its officers, managers, members, agents, parents, subsidiaries, principals, successors in interest, and those acting in concert with it from directly or indirectly infringing, inducing, or contributing to the infringement of the '635 Patent.

D. Requiring North Pole to account for all gains, profits, and advantages realized from its infringement and unlawful use of the '635 Patent.

E. Awarding plaintiffs damages adequate to compensate for the infringement of North Pole, including their lost profits, but in no event

1  less than a reasonable royalty under 35 U.S.C. § 284.

2      F.   Awarding to plaintiffs enhanced damages for the willful
3  infringement of the '635 Patent pursuant to 35 U.S.C. § 284.

4      G.   Awarding to plaintiff' their attorneys fees, costs, expert
5  witness fees, and expenses incurred by plaintiffs in connection with this
6  action pursuant to 35 U.S.C. § 285.

7      H.   Awarding to plaintiffs prejudgment and post-judgment
8  interest.

9      I.   Awarding such other and further relief as the Court deems
10  equitable and appropriate.

12  DATED: November 1, 2007.

HOLLAND & HART LLP
James E. Hartley (*pro hac vice*)
Conor F. Farley (*pro hac vice*)
Meshach Y. Rhoades (*pro hac vice*)

MCDERMOTT WILL & EMERY
Daniel R. Foster
Christopher D. Bright

By: /S/ Daniel R. Foster
    ATTORNEYS FOR PLAINTIFFS/
    COUNTERCLAIM-DEFENDANTS
    BRAVO SPORTS AND VARIFLEX,
    INC.

## JURY DEMAND

Bravo hereby demands a jury trial of all issues triable of right by a jury.

DATED: November 1, 2007.

        HOLLAND & HART LLP
        James E. Hartley (*pro hac vice*)
        Conor F. Farley (*pro hac vice*)
        Meshach Y. Rhoades (*pro hac vice*)

        MCDERMOTT WILL & EMERY
        Daniel R. Foster
        Christopher D. Bright


By: /S/ Daniel R. Foster
     ATTORNEYS FOR PLAINTIFFS/
     COUNTERCLAIM-DEFENDANTS
     BRAVO SPORTS AND VARIFLEX, INC.